FUENTES, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing in Part to Record a Declaration of Ownership.

No. 411.—Decided July 7, 1919.

POSSESSORY TITLE—RECORD OF TITLE—SEPARATE PROPERTY—COMMUNITY PROPERTY—PRESUMPTION.—The fact that the husband appeared in a possessory title proceeding and stated that the property involved was the separate property of his wife, the petitioner, is not sufficient of itself to destroy the presumption that, having been acquired during wedlock, the property is community property.

The facts are stated in the opinion.

*Mr. C. Garcia de la Noceda* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Pablo Fuentes, as the heir of Higinia Fuentes Cabal, presented a declaration of ownership to the Registrar of San Juan, Section 1, in order to accredit the title of said heir to a specific piece of property in Loíza. The registrar recorded the declaration in so far as it affected the right of Higinia Fuentes to her share in the property presumed to be ganancial, but denied the record in so far as it affected the interests of her husband, likewise presumed to be ganancial.

At an earlier date, as the result of a possessory proceeding, the title was recorded in the name of Higinia Fuentes and during the progress of that proceeding the husband appeared and stated that the land was the separate property of the wife.

The appellant attempts to distinguish the cases of *Del-*

*gado* v. *Registrar of Caguas,* 22 P. R. R. 117, and *Crehore* v. *Registrar of Guayama,* 25 P. R. R. 795, but we think unsuccessfully. In the former opinion we said:

"Paragraph third of article 391 of the Mortgage Law, with regard to the testimony of witnesses in a possessory proceeding, provides as follows:

" 'Article 391.

" 'Third. The witnesses shall prove that they have the qualifications mentioned in the preceding rule, presenting the document necessary for this purpose.

" 'They shall limit their testimony to the statement that the person who instituted the proceedings possesses the estates in his own name, and to the time of said possession, and they shall be responsible for any damage they may cause by the inaccuracy of their depositions.'

"The appellant maintains that this article does not limit the witnesses to the bare statement of the facts of petitioner's possession, but we think it does. The object of the proceeding is simply to accredit the possessory title in the petitioner. The presumption that property acquired during marriage is common cannot be rebutted by a proceeding in which the wife plays no part and in which the avowed object is to accredit the possession. Such possession may be declared in one or the other of the conjugal partners, no matter whether the ownership is common or separate. The jurisdiction of the magistrate does not extend beyond the declaring of the title by possession. So far as the rights of the other partner are concerned, the action of a petitioner is *res inter alios acta* and can have no binding effect. There is no cross examination of the witnesses and the mind of the municipal judge is only directed to the proof of possession. The question of the separate ownership of the land could not be, and was not, submitted to the municipal judge. The statements of the witnesses so made have no value as evidence under the Mortgage Law as to whether the property was ganancial or not. The cases of *Després* v. *The Registrar,* 14 P. R. R. 603, and *Boscio* v. *The Registrar,* 14 P. R. R. 605, cited by the registrar, support these conclusions."

The appearance of the husband makes no difference, as the said opinions indicate. The possessory proceeding is only to show the possession in the sense of ownership. The

character of their title, as between husband and wife, cannot be determined in such an *ex parte* proceeding. The question of matrimonial property *vel non* is not involved, but, as frequently said, the right of possession in the sense of ownership. Such a possession belongs to either or both partners and no such strict proof is needed when private ownership between the spouses is to be established. The declaration of the title by possession by the municipal judge in favor of either the husband or wife does not overcome the presumption of ganancial that attaches to property acquired during marriage, as expressed in section 1322 of the Civil Code.

The note must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.